UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------
MOHAMED ABBAS,
                       Plaintiff,

   -v.-                                                  9:06-CV-0648
                                                                 (NAM)(GJD)
GOORD, Commissioner, *et al.*,

                       Defendants.
-----------------------------------------------------------------------

APPEARANCES:                             OF COUNSEL:

MOHAMED ABBAS
96-A-3458
Plaintiff, *pro se*

HON. ANDREW M. CUOMO            SENTA B. SIUDA, Esq.
Office of Attorney General            Assistant Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

GUSTAVE J. DIBIANCO, U.S. MAGISTRATE JUDGE

## ORDER

      Plaintiff, Mohamed Abbas, brought this action pursuant to 42 U.S.C. §1983 alleging that while he was at Auburn Correctional Facility he was subject to discrimination and retaliation because he is a Arab Muslim. Plaintiff further alleges that the Auburn defendants denied him his diabetes medicine and diabetic meals, assaulted him, denied his due process in disciplinary proceedings, and placed him in unhygienic conditions. Plaintiff further alleges that while at Mid-State Correctional Facility he was denied medical treatment for his diabetes and his diabetic meals, was denied medical accommodations for back and knee injuries including the wearing of leg braces, was assigned to a lower bunk, and that physical therapy was discontinued despite approval

by the Department of Corrections medical office in Albany. *See* Docket No. 1.

Presently before the Court is plaintiff's motion to compel discovery. Docket No. 33. The motion to compel relates to plaintiff's request for production of documents dated December 23, 2006.[1] Also attached to the motion is a typewritten attachment entitled "Motion to Dispense Copies without Fee." Defendants filed a response in opposition to the motion. Docket No. 35.

It appears that plaintiff complains about the responses to demands 1 - 4 of his document demands. Demand 1 seeks all grievances and complaints received at the Auburn facility from February 2003 through June 2003. In its present form, the demand is overly broad and is improper. Accordingly, defendants' objection is well founded and is sustained.

Demands 2 and 4 seeks plaintiff's medical records from February 2003 through June 2003. Counsel's response is that plaintiff may make his own arrangements to see these records. However, it appears that access is not the only issue between the parties with respect to the medical records. In his motion plaintiff states that "plaintiff stated before in his discovery motion that his (*sic*) poor and cannot pay for his medical records copies." Docket No. 33. Plaintiff also attached his request to "dispense copies without fee."

The fact that Plaintiff has been permitted to proceed with this action *in forma pauperis* entitles him only to the right to proceed without prepayment of filing fees and

---

[1] Neither party attached the actual demands to their papers, but defendants' counsel did provide the Court with a copy of her March 5, 2007 response to the demands, less the exhibits that were produced with the response. Docket No. 35.

the cost of service. *See Eng v. Thieren*, Civ No. 04-CV-1146, Dkt. No. 75 (N.D.N.Y. August 10, 2006)(Lowe, M.J.). *See also* Local Rule 5.4(a) ("The granting of an *in forma pauperis* application shall in no way relieve the party of the obligation to pay all other fees for which such party is responsible regarding such action, including, but not limited to, copying and/or witness fees."). Plaintiff was also advised by this Court's July 31, 2006 Order that he would be required to "pay fees that he may incur in this action, including copying and/or witness fees." Docket No.6. Thus, once defendants make the documents available for plaintiff's *inspection*, the cost for photocopying any documents remains plaintiff's obligation. Accordingly, defendants shall make plaintiff medical records available to plaintiff for his inspection. ***Plaintiff may take notes during this inspection. However, plaintiff must pay the photocopy fee for any documents he desires to have photocopied.***

Demand 3 seeks the proper name of Officer Hillsting. In the demand plaintiff provides considerable information regarding where this individual worked, and another guard he worked with (who has been served and is a defendant in this action). Defendants response to the demand is that they "are unable to answer this request because plaintiff has not specified what at (*sic*) facility he claims this person is or was employed." Docket No. 35. Given the information plaintiff provided, and the fact that this action only pertains to events occurring on at Auburn and Mid-State correctional facilities during 2003 the Court overrules this objection and directs counsel to make an appropriate inquiry and respond to this demand.

WHEREFORE, it is hereby

ORDERED, that plaintiff's motion to compel (Docket No. 33) is DENIED in part and GRANTED in part, as detailed above, and it is further

ORDERED, that Defendants shall comply with the terms of this Order within **thirty (30) days** from the filing date of this Order, and it is further

ORDERED, that the pretrial deadlines set forth in Docket No. 31 remain in effect, and it is further

ORDERED, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

IT IS SO ORDERED.

Date: June 12, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge