```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------
MOHAMED ABBAS,
                                Plaintiff,
        -v.-                                              9:06-CV-0648
                                                          (NAM)(GJD)
GOORD, Commissioner, et al.,

                                Defendants.
--------------------------------------------------------------------
APPEARANCES:                            OF COUNSEL:

MOHAMED ABBAS
96-A-3458
Plaintiff, pro se

ANDREW M. CUOMO                         SENTA B. SIUDA, Esq.
Office of Attorney General              Assistant Attorney General
State of New York
615 Erie Boulevard West
Suite 102
Syracuse, NY 13204

GUSTAVE J. DIBIANCO, U.S. MAGISTRATE JUDGE
```

## ORDER

Presently before the Court are three motions filed by Plaintiff, Mohamed Abbas. Dkt. Nos. 42, 46, and 62. Two of these motions have been opposed by the Defendants. Dkt Nos. 47 and 63.

**I.    MOTION FOR RECUSAL.**

Although it is the most recently filed, the Court will first address Plaintiff's motion for my recusal. Dkt. No. 62. In his motion, Plaintiff states that Judge DiBianco is "very bias against muslim Arab plaintiff, and most Italian and the Catholic judges are very bias against blacks and jewish, Muslims." Dkt. No. 62, page 1. Further, Plaintiff alleges that the undersigned always rules in favor of the State of New York because of the bias against Plaintiff. *Id.*

The Defendants have filed a letter response indicating that they take no position on the motion for recusal. Dkt. No. 63.

A judge is required to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Under both 28 U.S.C. §§ 144 and 455(b), a judge shall recuse himself from a pending matter where a party sufficiently demonstrates that the judge has an actual "personal bias or prejudice against a party." *Macaluso v. Keyspan Energy*, 05-CV-823, 2007 U.S. Dist. LEXIS 33464 *14 (E.D.N.Y. May 7, 2007)(citing 28 U.S.C. §§ 144, 455(b)(1)). The source of the bias or prejudice must normally be based on "extrajudical conduct." *See Liteky v. United States*, 510 U.S. 540 (1994)(discussion of the extrajudicial source requirement).

Ultimately, the court must recuse itself if "'an objective, disinterested observer fully informed of the underlying facts [would] entertain significant doubt that justice would be done absent recusal." *United States v. Lovaglia*, 954 F.2d 811, 815 (2d Cir. 1992). The Supreme Court has found that "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Liteky v. U.S.*, 510 U.S. at 555 (citation omitted).

As noted above, petitioner takes issue with the substance of the Court's rulings and claims that such rulings are motivated by or show ethnic or religious bias. Plaintiff cites specifically to this court's order striking plaintiff's August 14, 2007 letter in which he asked the court to accept his letter as a "formal motion," responding to Assistant Attorney General Senta B. Siuda's "reply to plaintiff [sic] second motion to combel [sic] Dated [sic] August 7, 2007." (Dkt. No. 54, 56).

On August 24, 2007, the court did strike plaintiff's letter. (Dkt. No. 56). The reason for this order was because there was nothing filed **with the court** from the Assistant Attorney General, dated August 7, 2007. Thus, there was no reason for plaintiff to file a

2

response. As stated below in my reconsideration of that Strike Order, the reason that there was nothing docketed by the Assistant Attorney General is that the August 7, 2007 response to plaintiff was a response to his *discovery requests* and not to his motion to compel, and thus, would *not have been filed with the court*. Therefore, the court justifiably ordered the Clerk to strike plaintiff's document. This action was *merely a ruling* on a matter in the case, and in *no way* shows bias or prejudice for any party.

Plaintiff also asserts in a completely conclusory manner, that "most Italian and the Catholic judges" are biased against various ethnic plaintiffs. The fact that a court rules against a party does not show an extrajudicial bias. Plaintiff's conclusory assertions do not support his motion for recusal. The Court has thoroughly considered Abbas' application for recusal, and, there being no basis for granting this application, it is denied.

### A.     Reconsideration of the August 24, 2007 Strike Order.

In his motion for recusal, plaintiff also requests that the stricken motion be reinstated on the Court's docket.  Dkt. No. 62.  Accordingly, this Court will treat such a request as a motion for reconsideration of the August 24, 2007 Order.

A court may justifiably reconsider its previous ruling if: (1) there is an intervening change in the controlling law; (2) new evidence not previously available comes to light or (3) it becomes necessary to remedy a clear error of law or to prevent manifest injustice. *Delaney v. Selsky*, 899 F.Supp. 923, 925 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Doe v. New York City Dep't of Soc. Servs.*, 709 F.2d 782, 789 (2d Cir.), *cert. denied*, 464 U.S. 864 (1983)).

In his motion, Plaintiff alleges that the Court was in error when it stated that it had not received anything from the Attorney General dated August 7, 2007. To prove his

point, Plaintiff attached a document that he received from the Attorney General with a cover letter dated August 7, 2007. Dkt. No. 62.

However, it is clear from the documents that Plaintiff filed in support of this motion that *the August 7, 2007 letter and its attachment was only mailed to Plaintiff*. *See* Attachments to Dkt. No. 62. What Plaintiff has attached to his motion for reconsideration is, in fact, a response to discovery demands Plaintiff had previously served on the Defendants. *These discovery responses were not filed with the Court, nor should they be* pursuant to Local Rule 26.2. In addition, as stated above, the Court has reviewed the Court's docket and it is clear that nothing was filed in this Court, by the Attorney General, dated August 7, 2007.

Accordingly, Plaintiff has failed to establish any of the bases for this Court to grant reconsideration of the August 24, 2007 Order, and his motion must be denied.

**II.     Motion for Reconsideration of June 2007 Orders.**

Plaintiff has filed a motion for reconsideration (Dkt. No. 42) of this Court's June 12, 2007 Order (Dkt. No. 37) and June 26, 2007 Order. Dkt. No. 40.

**A.     The June 12, 2007 Order.**

The June 12, 2007 Order[1] granted in part, and denied in part, Plaintiff's motion to compel discovery. Dkt. No. 37. In particular, Plaintiff takes issue with that portion of the Order that states:

> Accordingly, defendants shall make plaintiff's medical records available to plaintiff for his inspection. Plaintiff may take notes during this inspection.

---

[1] Plaintiff filed this motion on July 5, 2007 and dated it June 30, 2007. Thus, it appears that the motion is untimely with respect to the June 12, 2007 Order, and could be denied on that basis alone. *See* Local Rule 7.1(g). However, the Court will also address the merits of the motion.

4

However, plaintiff must pay the photocopy fee for any documents he desires to have photocopied. *Id.*

The basis for Plaintiff's objection is that he has limited financial resources and can not purchase the records. Plaintiff also alleges that his comprehension of the English language is limited. Thus, having the documents available to him will permit him to seek assistance in the law library and to have the records explained to him.

In their opposition, Defendants state that the records were made available to Plaintiff on July 9, 2007, but he refused to review the records. Dkt. No. 47. Further, Defendants argue that there is no requirement in the Federal Rules that the Defendants provide Plaintiff with free copies.

With respect to Plaintiff's request for reconsideration of the June 12, 2007 Order, the Court notes that 28 U.S.C. § 1915, which governs proceedings *in forma pauperis*, does not state that indigent parties are entitled to complimentary copies of documents needed in furtherance of their action. Instead, a party is required to pay for copies of documents despite the fact that he has been found to be indigent under this statute. *See Eng v. Thieren*, Civ No. 04-CV-1146, Dkt. No. 75 (N.D.N.Y. August 10, 2006)(Lowe, M.J.). *See also* Local Rule 5.4(a) ("The granting of an *in forma pauperis* application shall in no way relieve the party of the obligation to pay all other fees for which such party is responsible regarding such action, including, but not limited to, copying and/or witness fees."). Plaintiff was warned of this fact in the Court's July 31, 2006 Order. Dkt. No. 6.

Accordingly, Plaintiff has failed to establish any of the bases for this Court to grant reconsideration of the June 12, 2007 Order, and his motion must be denied.

**B.      June 26, 2007 Order.**

The June 26, 2007 Order granted Defendants' request for leave to take Plaintiff's

deposition. Dkt. No. 40. The basis for Plaintiff's request for reconsideration of this Order is that he is not a native English speaker, and thus he should be appointed *pro bono* counsel and an interpreter prior to any deposition taking place. Dkt. No. 42.

With respect to the June 26, 2007 Order, both issues are before the Court on Plaintiff's July 12, 2007 motion (Dkt. No. 46) which will be addressed below. In addition, Plaintiff has offered no support for his assertions in this motion.

Accordingly, Plaintiff has failed to establish any of the bases for this Court to grant reconsideration of the June 26, 2007 Order, and his motion for reconsideration must be denied.

### III.   MOTION FOR COUNSEL AND AN INTERPRETER.

#### A.   Request for Counsel.

In his motion for appointment of counsel, Plaintiff states that he seeks counsel because the "issues involved in this case are complex. The sheer number of claims and Defendants in this case makes this a factually complex case." Dkt. No. 46. Plaintiff states that he seeks counsel for his deposition, and to take the depositions of the Defendants. Plaintiff has attached letters from various attorneys declining to represent him. *Id.*[2]

Courts cannot utilize a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Instead, a number of factors must be carefully considered by the court in ruling upon such a motion. As a threshold matter, the court should ascertain whether the indigent's claims seem likely to be of substance. If so, the court should then consider:

---

[2] It is not clear that these letters all relate to the present action as the Court notes that the letters from some of the law firms are also annexed to counsel motions in Plaintiff's other active case. *Cf. Abbas v. Senkowski,* 9:03-CV-0476. Dkt. Nos. 30, 44.

> The indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986)). This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe*, 899 F.Supp. 972, 974 (N.D.N.Y. 1995) (McAvoy, C.J.) (citing *Hodge*, 802 F.2d at 61).

A review of the file in this matter reveals that the issues in dispute herein are not overly complex.[3] Further, it appears to the Court that the Plaintiff has been able to effectively litigate this action.[4] While it is possible that there will be conflicting evidence implicating the need for cross-examination at the time of the trial of this matter, as is the case in many actions brought under 42 U.S.C. § 1983 by *pro se* litigants, "this factor alone is not determinative of a motion for appointment of counsel." *Velasquez*, 899 F.Supp. at 974. Finally, this Court is unaware of any special reason why appointment of counsel at this time would be more likely to lead to a just determination of this litigation. The Court

---

[3]Plaintiff alleges that while he was at Auburn Correctional Facility he was discriminated and retaliated against due to the fact that he is a Arab Muslim. Plaintiff further alleges that the Auburn Defendants denied him diabetes medicine and diabetic meals, assaulted him, denied him due process in disciplinary proceedings, and placed him in unhygienic conditions. Plaintiff further alleges that while a Mid-State Correctional Facility he was denied medical treatment for diabetes and his diabetic meals, was denied medical accommodations for back and knee injuries including the wearing of leg braces, assignment to a lower bunk, and discontinuance of physical therapy that had been approved by the Department of Corrections medical office in Albany. *See* Dkt. No. 1.

[4]Plaintiff has also litigated other cases in this District *pro se*.

finds that, based upon the existing record in this case, appointment of counsel is unwarranted at this time.

### B.    Appointment of an Interpreter.

Plaintiff also seeks appointment of an Arabic-English interpreter for his deposition. Plaintiff states that he "speaks and understands very little English."  Dkt. No. 46.

In their opposition, the Defendants state that "Plaintiff communicates well in English in writing, as evidenced by the previous litigation that as occurred in this case." Dkt. No. 47.  In addition, Defendants note that Plaintiff has been in DOCS custody since 1996 and, according to DOCS records, Plaintiff speaks and understands English.  Further, Defendants note that Plaintiff obtained a high school diploma in 1978.  *Id.*

In his reply, Plaintiff asserts that his high school diploma was earned in Egypt.  Dkt. No. 51.  Plaintiff also notes that Judge Homer appointed trial counsel in Plaintiff's other active case that is now trial ready.  *See* 9:03-CV-0476.

The Court has reviewed the proceedings in this case as well as Plaintiff's other active case.  It is clear that Plaintiff has been able to effectively and aggressively litigate both actions *pro se*.  No counsel was appointed in Plaintiff's other active case until the case became trial ready in February 2007. Thus, Plaintiff has made no showing that his ability to litigate this action has, in any way, been hampered by his alleged limited English proficiency.  In addition, Plaintiff, as a civil litigant, has no entitlement to an interpreter. *Pedraza v. Phoenix*, 1994 WL 177285 (S.D.N.Y. 1994); *Desulma v. Correction Officer Goolsby*, 1999 WL 147695 (S.D.N.Y. 1999).

Accordingly, Plaintiff's motion for appointment of an interpreter is denied.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's motion for recusal (Dkt. No. 62) is **DENIED**, and it is further

**ORDERED**, that the motion filed September 12, 2007 (Dkt. No. 62) will also be deemed a motion for reconsideration of this Court's August 24, 2007 Order, and it is further

**ORDERED**, that Plaintiff's motion for reconsideration (Dkt. No. 62) of this Court's August 24, 2007 Order is **DENIED**, and it is further

**ORDERED**, that Plaintiff's motion for reconsideration (Dkt. No. 42) is **DENIED**, and it is further

**ORDERED**, that Plaintiff's motion for appointment of counsel and for appointment of an interpreter (Dkt. No. 46) is **DENIED**, and it is further

**ORDERED**, that the discovery deadline is set for **December 3, 2007,** the motion to compel deadline is set for **December 28, 2007**, and the dispositive motion filing deadline is set for **January 28, 2008**, and it is further

**ORDERED**, that the Clerk serve a copy of this Order on the parties in accordance with the Local Rules.

Dated: September 28, 2007

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge