UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
MOHAMED ABBAS,

                              Plaintiff,

    -v.-                                                     9:06-CV-0648
                                                                        (NAM)(GJD)

GLENN GOORD, et al.,

                                Defendants.
-------------------------------------------------------------

APPEARANCES
Mohamed Abbas
96-A-3458
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff, *Pro Se*

SENTA B. SIUDA, Asst. Attorney General
615 Erie Boulevard West
Suite 102
Syracuse, New York 13204-2455
Attorney for Defendants

**Hon. Norman A. Mordue, Chief U.S. District Judge**

**MEMORANDUM DECISION and ORDER**

      Presently before the court is a motion to dismiss this action as a sanction for plaintiff's deliberate failure to attend his scheduled deposition. (Dkt. No. 77). Plaintiff has responded in opposition to the motion. (Dkt. No. 78). For the following reasons, this court will assess the costs of the aborted deposition against plaintiff, with a warning that such behavior ***will no longer be tolerated***, and if he continues to refuse to engage in proper discovery procedures, this court will dismiss his complaint.

**DISCUSSION**

**1.**     **Facts and Procedural History**

      In a lengthy complaint, plaintiff alleges that while he was incarcerated at Auburn

Correctional Facility, he was assaulted, abused, discriminated against, and retaliated against because he is Arab and Muslim. Compl. ¶¶ 5-21.  Plaintiff also alleges that the Auburn defendants denied him proper medical care, denied him due process in disciplinary proceedings, and violated his right to be free from cruel and unusual prison conditions. *Id.*  Plaintiff alleges that after his transfer to Mid-State Correctional Facility, the abuse continued, and the Mid-State defendants denied plaintiff proper medical care and accommodations for his back and knee injuries. Compl. ¶¶ 23-36.

This complaint was filed on May 25, 2006. (Dkt. No. 1).  On June 26, 2007, Magistrate Judge Di Bianco granted defense counsel's request to take plaintiff's deposition. (Dkt. No. 40).  In that order, the court specifically stated that plaintiff's "failure to attend, be sworn and answer appropriate questions may result in sanctions including dismissal of the action pursuant to Rule 37 of the Federal Rules of Civil Procedure." *Id.* at 2.  On July 12, 2007, plaintiff made a motion for appointment of counsel and an interpreter for the deposition. (Dkt. No. 46).  Later, plaintiff made a motion for Magistrate Judge Di Bianco's recusal. (Dkt. No. 62).  On September 28, 2007, Magistrate Judge Di Bianco denied the various pending motions filed by plaintiff, denying plaintiff's motions for appointment of counsel, for an interpreter, and for recusal. (Dkt. No. 64).

Defense counsel scheduled plaintiff's deposition for November 29, 2007. Defendants' Ex. A (Dkt. No. 77).  Counsel notified plaintiff of the November 29 date by letter dated November 9, 2007, attaching a copy of Magistrate Judge Di Bianco's June 26, 2007 deposition order, together with a copy of Magistrate Judge Di Bianco's September 28, 2007 order. Siuda Aff. ¶ 9 & Ex. A. On November 20, 2007, defense counsel sent plaintiff a letter, changing the time, but not the date of his deposition. Siuda Aff. ¶ 10 & Ex. B.

Defense counsel states that on November 28, 2007, she received a letter from plaintiff,

2

dated November 18, 2007, in which he states that plaintiff was attacked in the Special Housing Unit (SHU) for filing a grievance against "The Nurse." Siuda Aff. Ex. C. Plaintiff did not include the date or time of this alleged assault. *Id.* In the letter, plaintiff stated that defense counsel should "please be advised" that after the attack on plaintiff in the SHU, he was not going to leave his cell and "he well [sic] never speak to the defendants [sic] lawyer." *Id.* Plaintiff apparently believes that a deposition is "racist procedure." *Id.* He also stated that he would "take any dismissal of this case to the U.S. Court of Appeals for The 2nd Cir." *Id.*

As a result of plaintiff's letter, defense counsel wrote to Magistrate Judge Di Bianco on November 26, 2007, asking him to order plaintiff to attend his deposition. (Dkt. No. 71). Plaintiff had already been ordered to attend his deposition in Magistrate Judge Di Bianco's June 26, 2007 Order. (Dkt. No. 40). Magistrate Judge Di Bianco denied defendants' request as moot, in part because plaintiff had been ordered to attend the deposition and had been warned that his failure to attend could result in dismissal. More importantly, however, Magistrate Judge Di Bianco stated that he was concerned that even if he issued an order, plaintiff would never see the order because the deposition was going to take place on November 29, 2007. (Dkt. No. 72).

Defense counsel states that on November 28, 2007, she received another letter from plaintiff, dated November 25, 2007, in which he again stated that "I am not going to give any deposition in any law sue [sic]." Siuda Aff. ¶ 13 & Ex. E. Defense counsel went to Upstate Correctional Facility on November 29, 2007, and plaintiff refused to leave his cell to attend the deposition. Siuda Aff. ¶ 14. Defense counsel took the testimony of Lieutenant Ralph Isabella, the officer assigned to bring plaintiff to the room where the deposition was being held. Siuda Aff. ¶ 14.

The transcript of Lieutenant Isabella's testimony is attached to defense counsel's affidavit

3

as Exhibit F. According to the transcript of the testimony, plaintiff's refusal to attend the deposition was videotaped, although no videotape has been submitted with this motion. Ex. F at 4-7. Lieutenant Isabella stated that when he went to plaintiff's cell, plaintiff stated that he was not going to "give a deposition because he didn't feel it was necessary to do that on video." *Id.* at 7. Lieutenant Isabella also stated that plaintiff told him that plaintiff "felt his only obligation was when he went to trial." *Id.* Defense counsel has now made a motion to dismiss this case and for the costs associated with the failed deposition, based upon plaintiff's willful failure to attend. Defense counsel has submitted the bill from the court reporting service, for the November 29, 2007 appearance and the transcript of Lieutenant Isabella's testimony. Siuda Aff. ¶ 17 & Ex. G.

**2.    Discovery Sanctions**

Rule 37 of the Federal Rules of Civil Procedure provides that if a party fails to obey "an order to provide or permit discovery," including orders under Rule 37(a)(after a motion to compel), Rule 35 (mental and physical examinations) and Rule 26(f)(providing for special discovery orders as the result of the Rule 16 meeting), the court may then make any orders regarding the failure to abide by the discovery order. FED. R. CIV. P. 37(b)(2)(A). Rule 37 also contains a specific section providing sanctions for a "[p]arty's failure to attend its own deposition . . . ." FED. R. CIV. P. 37(d). The orders that the court can issue include preclusion, orders deeming certain facts established, striking pleadings, dismissal (only in extreme circumstances), or contempt (unless it was an order to submit to medical examination). FED. R. CIV. P. 37(d)(3) (referring to the sanctions listed in Rule 37(b)(2)(A)(i)-(iv). In lieu of, or in addition to the above orders, the court can assess attorneys fees and reasonable expenses unless the court finds that the failure to obey the order was substantially justified or other circumstances make the award of expenses unjust. FED. R. CIV. P. 37(d)(3).

4

An "order" for purposes of Rule 37(b)(2) may be an order after a motion to compel under Rule 37(a), but this is only one of the possibilities. *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991). The court in *Daval* held that a Rule 37(a) order is only one of the orders that can trigger sanctions under Rule 37(b)(2). *Id*. The court stated that a court may impose sanctions, provided there is any clearly articulated order requiring specified discovery. *Id*. An oral order is sufficient. *Id.*

In this case, it is clear that plaintiff was ordered to appear for his deposition, and it is clear that plaintiff refused to do so, resulting in a great deal of lost time and expense. Plaintiff has responded to defendants' motion, claiming that he refused to attend the deposition "for his own safety," because he was assaulted on September 2, 2007 and on October 16, 2007, when "his story" was published. (Dkt. No. 78). Plaintiff also claims that the United States Department of Justice and the Federal Bureau of Investigation (FBI) told plaintiff not to leave his cell in SHU for his own safety. *Id.* Finally, plaintiff also alleges that when he was assaulted on September 2, 2007 and on October 16, 2007, his hearing aid was broken, and thus, would not have been able to respond to any questions.

The first problem with plaintiff's reasoning is that on November 18, 2007, he told defense counsel that he was assaulted because he filed a grievance against a nurse. Siuda Aff. Ex. C. In plaintiff's November 25, 2007 letter, he stated that he was afraid because he had been subjected to physical abuse and torture in ***Clinton Correctional Facility***, and that the Justice Department and FBI told plaintiff not to leave his cell. *Id.* Ex. E. However, plaintiff also stated that in the eight law suits that he filed previously, he never had to give a deposition, "so why I have to [sic] talk you without lawyer and interpter [sic]." *Id.* Plaintiff ended the letter by stating that he was "not given no deposition. Everything well [sic] be in the trial front [sic] of the District Judge only." *Id.*

5

Plaintiff has apparently been the subject of some articles regarding the alleged abuse that he suffered during his criminal proceedings as well as during his incarceration. However, even assuming that he was assaulted on September 2, 2007 and on October 16, 2007, he states that these assaults and other abuse occurred at Clinton Correctional Facility. The conduct giving rise to the complaint occurred at Auburn and Mid-State Correctional Facilities. At the time of the deposition, plaintiff was not in any of those facilities. On November 8, 2007, the court received plaintiff's change of address, showing that he had been transferred to *Upstate* Correctional Facility. (Dkt. No. 69).

The court also notes that Lieutenant Isabella stated that plaintiff was video taped refusing to attend the deposition. Plaintiff would have had nothing to fear if he was being video taped. Plaintiff also did not mention the loss or damage to his hearing aid at any time prior to his response to the motion to dismiss. Since plaintiff claims that his hearing aid was broken as early as September 2 or October 16, 2007, he could have mentioned that fact when counsel first scheduled plaintiff's deposition. There was, however, no mention of the broken hearing aid. It appears clear that plaintiff is attempting to evade testifying at a deposition because in addition to the "fear" of leaving his cell and his broken hearing aid, he has made it perfectly clear that he simply does not wish to be deposed, and feels that the entire procedure is "racist." In his November 25, 2007 letter to defense counsel plaintiff stated that since he had never given a deposition in the eight law suits that he had brought, he did not see why he should be made to testify now.

Unfortunately, plaintiff's logic is flawed. Depositions are a part of the standard federal court procedure. There is a specific rule governing depositions, and as stated above, there are specific sanctions for a party's failure to attend his own deposition. FED. R. CIV. P. 30, 37(d). Plaintiff has brought this lawsuit, and although he apparently faults Magistrate Judge Di Bianco

6

for ordering plaintiff's deposition and for what plaintiff refers to as "racism," plaintiff does not seem to realize that he is asking the court to show favoritism to him by allowing him to be exempt from discovery and apparently does not believe that defendants should be afforded any opportunity to defend themselves against his claims.  The court finds that plaintiff's failure to attend was willful and unjustified.

Thus, the question is what type of sanction the court should impose on plaintiff for his willful failure to attend his deposition.  Defendants request the extreme sanction of dismissal, arguing that plaintiff's conduct was clearly intentional, and plaintiff was warned that the failure to attend his deposition and answer questions could result in dismissal of the entire case.  Although this court has very seriously considered dismissal, the court will only impose costs at this time.  The court will assess against plaintiff the cost incurred in defense counsel's aborted effort to depose plaintiff.  The amount billed to counsel by Associate Reporters International, Inc. is $ 206.00. Siuda Aff. Ex. G.  Thus, this court will impose costs of  $ 206.00 for plaintiff's failure to appear at his deposition.

The court notes that this is a ***very lenient*** sanction, given plaintiff's completely inappropriate behavior, including not only the failure to attend his deposition, but his inappropriate written attacks upon Magistrate Judge Di Bianco and defense counsel.  This court must again warn plaintiff that discovery is proper, and he cannot simply wait until trial to testify regarding the alleged incidents in this case.  Discovery is part of federal litigation and has absolutely nothing to do with plaintiff's nationality.  Notwithstanding plaintiff's *pro se* status, he is not absolved from abiding by the rules. *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995).  Thus, plaintiff is hereby warned again, that if he refuses to be deposed or refuses to participate in proper discovery, this court will not hesitate to either preclude any testimony by plaintiff or to dismiss the case outright.

**WHEREFORE**, based on the findings above, it is

**ORDERED,** that defendants' motion to dismiss and for costs (Dkt. No. 77) is **DENIED IN PART**, to the extent that it requests dismissal of plaintiff's case, and it is

**ORDERED**, that defendant's motion to dismiss and for costs (Dkt. No. 77) is **GRANTED IN PART**, to the extent that it asks the court to assess costs against plaintiff, and it is

**ORDERED**, that costs in the amount of $ 206.00 are assessed against plaintiff, and that these costs be deducted from his inmate account in the same manner as the filing fee is deducted pursuant to 28 U.S.C. § 1915(b)(1) & (b)(2), and it is further

**ORDERED**, that plaintiff is specifically **WARNED** that future intentional and inappropriate refusals to participate in discovery may result in **PRECLUSION OF PLAINTIFF'S TESTIMONY OR IN DISMISSAL OF PLAINTIFF'S CASE IN ITS ENTIRETY.**

IT IS SO ORDERED.

Date: July 1, 2008

_____
Norman A. Mordue
Chief United States District Court Judge